UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REGINALD GREENE,

    Movant.

No. 07-cr-693 (NLH)

MEMORANDUM AND ORDER

---

It appearing that:

1. On December 18, 2008, Movant Reginald Greene, was sentenced by this Court to an overall term of imprisonment of 172 months after convictions for mail fraud, conspiracy to launder money, and money laundering. ECF No. 48. Greene is presently incarcerated at the Federal Correctional Institution at Miami in Miami, Florida, and has filed a motion by letter requesting an order directing the Bureau of Prisons ("BOP") to recalculate his good conduct time release date as well as his residential re-entry center release date based on the recently-enacted First Step Act of 2018 ("the Act"), Pub. L. No. 115-015, 132 Stat. 015 (2018). ECF No. 73.

2. To the extent that he seeks a modification of his sentence, the Court is without jurisdiction to grant such relief to Movant or resolve his motion in the context of his underlying

criminal case.  Ordinarily, a sentencing court "may not modify a term of imprisonment once it has been imposed" except in certain limited circumstances set forth in the governing statute, 18 U.S.C. § 3582, and not applicable here.

3. Rather than seek a modification of criminal sentence, what Movant Greene apparently seeks is judicial review of a Bureau of Prisons decision not to grant him the expanded good time credits provided in Section 102 of the Act.  Important to this interpretation of Greene's motion is the fact that Section 102 of the Act amends not the statute governing the imposition and modification of sentences, 18 U.S.C. § 3582, but rather 18 U.S.C. § 3621, the statute governing BOP implementation of Greene's sentence and calculation of his release date.

4. Accordingly, Greene's application challenges not the sentence imposed (or seeks its modification) but rather how the sentencing is executed by the BOP.  His motion therefore sounds in habeas and was improperly filed as a motion in his underlying criminal case.  More precisely, a prisoner's challenge to his eligibility for placement in a residential re-entry center or the calculation of his good time credits are properly brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Brown v. Warden Fairton FCI, 617 F. App'x 117, 118 (3d Cir. 2015) (residential re-entry center); O'Donald v. Johns, 402 F.3d 172, 173 (3d Cir. 2005) (good time credits).  Nothing

in the Act changes that analysis and in fact a fair interpretation of Section 102 of the Act reinforces that conclusion.

5. Properly construed as a § 2241 petition and not a criminal motion, this Court lacks jurisdiction to consider it. A § 2241 petition must be brought in the prisoner's district of confinement. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004). Petitioner's district of confinement based on his incarceration at FCI Miami is the U.S. District Court for the Southern District of Florida.

6. In sum, the Court construes Movant's letter request as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will <u>sua sponte</u> transfer it to the U.S. District Court for the Southern District of Florida.

Therefore, IT IS on this <u>  19th  </u> day of <u>March</u>, 2019,

ORDERED that the Clerk of Court is directed to open a new matter pursuant to 28 U.S.C. § 2241, docket the above-referenced letter request, ECF No. 73, therein; and it is further

ORDERED that the Clerk of Court is directed to terminate the letter request, ECF No. 73, in the criminal case only to the extent that it appears as a motion; and it is further

ORDERED that the newly-opened matter shall be transferred to the U.S. District Court for the Southern District of Florida; and it is further

ORDERED that the Clerk of the Court shall effectuate the transfer on an expedited basis pursuant to 28 U.S.C. §§ 1406(a) and 1631; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.